UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED CLERK'S OFFICE

2008 FEB 12  A 10: 37

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

Frederick Knowles, # 266647,                     ) C/A No. 2:08-0410-GRA-RSC
                                                  )
                                                  )
                                                  )
                      Petitioner,                 )
                                                  )
vs.                                               ) Report and Recommendation
                                                  )
                                                  )
Jon Ozmint, Director of SCDC; and                 )
Richard   Bazzle,   Warden   of   Perry           )
Correctional Institution,                         )
                                                  )
                                                  )
                      Respondents.                )
_____

### Background of this Case

This is a habeas corpus action filed by a state prisoner
pursuant to 28 U.S.C. § 2254.  The petitioner is an inmate at the
Perry Correctional Institution of the South Carolina Department of
Corrections (SCDC).

On May 25, 2000, in the Court of General Sessions for
Greenville County, the petitioner was convicted, in a jury trial,
of  possession  of  crack  cocaine  with  intent  to  distribute
(Indictment No. 2000-GS-23-1672) and was sentenced to fifteen (15)
years in prison.  The Supreme Court of South Carolina affirmed the
conviction on direct appeal.

1

The petitioner filed an application for post-conviction relief (Case No. 2002-CP-23-4114). The Court of Common Pleas denied the application for post-conviction relief on August 9, 2005. In his answers to Question 11(d), the petitioner checks the box indicating that he filed an appeal from the denial of post-conviction relief. The petitioner, however, writes in his response to Question 11(e): "Petitioner did not have to appeal to the highest state court on his PCR Application."[1] The petitioner raises one (1) ground in the Section 2254 petition in the case at bar: "Ineffective assistance of counsel & Illegal search and seizure; and of the Poisonous Tree-Doctrine."

### Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism

---

[1]The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for certiorari in post-conviction cases upon referral from the Supreme Court of South Carolina. *See* Supreme Court Order 2005-08 (C.O. 08 effective May 1, 2005), Shearouse Advance Sheet # 19; and *Dunlap v. State*, 371 S.C. 585, 641 S.E.2d 431 (2007) ("In appeals from criminal convictions **or post-conviction relief matters**, a litigant is not required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.")(emphasis in original).

and Effective Death Penalty Act of 1996.  The review[2] has been
conducted in light of the following precedents: *Denton v.
Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319
(1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden,
Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*),
cert. denied, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d
70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)
(recognizing the district court's authority to conduct an initial
screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291
(4th Cir. 1978), *cert. denied, Moffitt v. Loe*, 446 U.S. 928 (1980);
and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied,
Leeke v. Gordon*, 439 U.S. 970 (1978).  The petitioner is a *pro se*
litigant, and thus his pleadings are accorded liberal construction.
*See Erickson v. Pardus*, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127
S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 &
n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).
When a federal court is evaluating a *pro se* complaint or petition,

---

[2]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and
Local Civil Rule 73.02 (DSC), the undersigned is authorized to
review such complaints for relief and submit findings and
recommendations to the District Court.

[3]*Boyce* has been held by some authorities to have been
abrogated in part, on other grounds, by *Neitzke v. Williams*, 490
U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint
that fails to state a claim, under Federal Rule of Civil Procedure
12(b)(6), does not by definition merit *sua sponte* dismissal under
28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as
"frivolous").

the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

With respect to his conviction, the petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973) (exhaustion required under 28 U.S.C. § 2241). Although the petitioner has exhausted his state remedies, he has, in the case at bar, submitted a successive petition.

In *Frederick Knowles v. Rochard Bazzle; and Henry McMaster, Attorney General for South Carolina*, Civil Action No. 2:06-1424-GRA-RSC, the petitioner on May 9, 2006, brought a Section 2254 action with respect to his conviction. On May 19, 2006, the undersigned granted the petitioner's motion to proceed *in forma pauperis* and directed the respondents to file a return. After receiving two (2) extensions of time, the respondents filed a return and motion for summary judgment on September 9, 2006.

4

The undersigned on September 11, 2006, issued a *Roseboro* order to apprise the petitioner of dispositive motion procedure. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). After receiving an extension of time, the petitioner responded to the *Roseboro* order on December 18, 2006.

In a Report and Recommendation filed in Civil Action 2:06-1424-GRA-RSC on March 2, 2007, the undersigned recommended that the respondents' motion for summary judgment be granted.

The parties in Civil Action No. 2:06-1424-GRA-RSC were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. On March 21, 2007, the petitioner filed timely written objections to the Report and Recommendation.

In an Order filed in Civil Action No. 2:06-1424-GRA-RSC on June 1, 2007, the Honorable G. Ross Anderson, Jr., United States District Judge, adopted the Report and Recommendation and granted summary judgment to the respondents. *Knowles v. Bazzle*, 2007 U.S. Dist. LEXIS® 40207, 2007 WESTLAW® 1594412 (D.S.C., June 1, 2007). The petitioner's subsequent appeal in Civil Action No. 2:06-1424-GRA-RSC was not successful. On September 11, 2007, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. *Knowles v. Bazzle*, 239 Fed.Appx. 787, 2007 U.S. App. LEXIS® 21764, 2007 WESTLAW® 2679419 (4th Cir., Sept. 11, 2007). The Court of Appeals denied the petitioner's petition for rehearing.

5

2:08-cv-00410-GRA    Date Filed 02/12/08    Entry Number 9    Page 6 of 11

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See also Tyler v. Cain*, 533 U.S. 656 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 2:06-1424-GRA-RSC was decided by summary judgment, the petition in the above-captioned case (Civil Action No. 2:08-0410-GRA-RSC) is successive.

This court may take judicial notice of Civil Action No. 2:06-1424-GRA-RSC. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.").

The § 2254 petition in the above-captioned case is subject to dismissal because it is a successive petition. *Miller v.*

6

*Bordenkircher*, 764 F.2d 245, 248-50 & nn. 3-5 (4th Cir. 1985). *See also McClesky v. Zant*, 499 U.S. 467 (1991); Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214; *Bennett v. Angelone*, 92 F.3d 1336 (4th Cir. 1996), *cert. denied*, 519 U.S. 1002 (1996); and *Armstead v. Parke*, 930 F. Supp. 1285 (N.D. Ind. 1996), *affirmed*, 116 F.3d 1482 [Table], 1997 U.S.App. LEXIS® 14835, 1997 WESTLAW® 345896 (7th Cir., June 13, 1997). *See also Aloe Creme Laboratories, Inc. v. Francine Co.*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d at 1296. *See also United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

In any event, there is no indication in the present petition that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the petition in the above-captioned case. *See* Rule 9 of the Section 2254 Rules. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. Before the petitioner attempts to file another petition in the United States

7

District Court for the District of South Carolina, he *must* seek and

obtain leave (*i.e.*, written permission) from the United States

Court of Appeals for the Fourth Circuit.  The petitioner can obtain

the necessary form for doing so from the Clerk's Office of the

United States Court of Appeals for the Fourth Circuit in Richmond,

Virginia.[4]

---

[4]*See* Section 106 of the Anti-Terrorism and Effective Death
Penalty Act of 1996:

> (B) LIMITS ON SECOND OR SUCCESSIVE APPLICATIONS. —Section
> 2244(b) of title 28, UNITED STATES CODE, is amended to
> read as follows:
>
>> "(B)(1) A claim presented in a second or
>> successive habeas corpus application under
>> section 2254 that was presented in a prior
>> application shall be dismissed.
>>
>> "(2) A claim presented in a second or
>> successive habeas corpus application under
>> section 2254 that was not presented in a prior
>> application shall be dismissed unless—
>>> "(A) the applicant shows that the
>>> claim relies on a new rule of
>>> constitutional law, made retroactive
>>> to cases on collateral review by the
>>> Supreme Court, that was previously
>>> unavailable; or
>>>
>>> "(B)(i) the factual predicate for
>>> the claim could not have been
>>> discovered previously through the
>>> exercise of due diligence; and
>>> "(ii) the facts underlying the
>>> claim, if proven and viewed in light
>>> of the evidence as a whole, would be
>>> sufficient to establish by clear and
>>> convincing evidence that, but for
>>> constitutional error, no reasonable
>>> factfinder would have found the

(continued...)

The five-page form for seeking leave to file a successive petition is entitled a "Motion for Authorization to File Successive Application under 28 U.S.C. § 2244." The address of the Clerk's

_____

(...continued)
            applicant guilty of the underlying
            offense.

            "(3)(A)  Before  a  second  or  successive
            application permitted by this section is filed
            in the district court, the applicant shall
            move in the appropriate court of appeals for
            an order authorizing the district court to
            consider the application.

            "(B) A motion in the court of appeals for an
            order  authorizing  the  district  court  to
            consider a second or successive application
            shall be determined by a three-judge panel of
            the court of appeals.

            "(C) The court of appeals may authorize the
            filing of a second or successive application
            only if it determines that the application
            makes  a  prima  facie  showing  that  the
            application satisfies the requirements of this
            subsection.

            "(D) The court of appeals shall grant or deny
            the  authorization  to  file  a  second  or
            successive application not later than 30 days
            after the filing of the motion.

            "(E) The grant or denial of an authorization
            by a court of appeals to file a second or
            successive application shall not be appealable
            and shall not be the subject of a petition for
            rehearing or for a writ of certiorari.

            "(4) A district court shall dismiss any claim
            presented  in  a  second  or  successive
            application that the court of appeals has
            authorized to be filed unless the applicant
            shows  that  the  claim  satisfies  the
            requirements of this section.".

9

Office of the United States Court of Appeals for the Fourth Circuit is 1100 East Main Street — Suite 501, Richmond, Virginia 23219.

### *Recommendation*

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice and without requiring the respondent to file a return.* *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); and *Baker v. Marshall*, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."). The petitioner's attention is directed to the important notice on the next page.

February 11, 2008
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

10

## Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied, Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).