UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Frederick Knowles, # 266647, | ) | C/A No.: 2:08-CV-410-GRA-RSC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Jon Ozmint, Director of SCDC; and | ) | |
| Richard Bazzle, Warden of Perry | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter comes before the Court to review Magistrate Judge Carr's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., filed on February 12, 2008. The plaintiff originally brought a habeas corpus petition pursuant to 28 U.S.C. § 2254, filed on February 6, 2008. The magistrate recommends dismissing the complaint without prejudice and without requiring the respondent to file a return. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation in its entirety.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

Rather than filing objections, the plaintiff filed a "Motion to Dismissal without Prejudice To Report and Recommendation" on February 25, 2008. In this document the petitioner refers to a misunderstanding about his immediate petition. Unfortunately, the petitioner does not explain the nature of this "misunderstanding." After reviewing the immediate petition it appears that the petitioner believes his prior petition, C/A No.:2:06-cv-1424-GRA-RSC, was dismissed because he filed it pursuant to 28 U.S.C. § 2255 rather than 28 U.S.C. § 2254, and the petitioner filed the immediate petition to fix this mistake. However, the petitioner's prior petition was filed pursuant to § 2254, and the Court dismissed it as a § 2254 petition. *See* C/A No.:2:06-cv-1424-GRA-RSC.

Regardless, nothing in the petitioner's instant motion can be construed as a specific objection to the magistrate's Report and Recommendation. In fact it seems that he is encouraging the Court to dismiss this petition: "the Respondent[s] are correct regarding the second petition . . ." *Pl's Mot.* at 1. In the absence of specific objections, this Court need not give a detailed explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

After reviewing the magistrate's Report and Recommendation, the plaintiff's motion, and the relevant case law, this Court finds that Magistrate Judge Carr applied sound legal principles to the facts of this case in arriving at his recommendation. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the petitioner's petition be dismissed without prejudice and without requiring the respondent to file a return.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

February 29, 2008
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry.

Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**